IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KELLY STOUT SANCHEZ, as
Guardian Ad Litem of B.A., a
Minor Child,

        Plaintiff,

v.                                    No. 1:17-CV-943 KRS-LF

SOCORRO CONSOLIDATED SCHOOLS,
A New Mexico Municipal Entity, and RANDALL
EARWOOD, JOSEPH ANTON SALOME,
GILBERT PERALTA and JUAN MORALES,
Individually,

        Defendants.

## ORDER GRANTING UNOPPOSED MOTION TO APPOINT GUARDIAN AD LITEM AND APPOINTING GUARDIAN AD LITEM

**THIS MATTER** comes before the Court on Plaintiffs' unopposed motion to appoint attorney Feliz Angelica Real as guardian ad litem for the minor child, B.A. (Doc. 28). The Court has reviewed the motion, the record of this case and applicable law, and finds that the motion should be **GRANTED**. Feliz Angelica Real is qualified and should be appointed as guardian ad litem for B.A. in this case.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' unopposed motion to appoint a guardian ad litem (Doc. 28) is **GRANTED** and Feliz Angelica Real is hereby appointed to serve as guardian ad litem for B.A., a minor child, in this action. The fees for the Guardian Ad Litem shall be paid by the Defendants in this matter.

**IT IS FURTHER ORDERED** that the guardian ad litem shall exercise her independent and professional judgment in the performance of the following duties:

      a.      to investigate on behalf of the Court and to review the settlement of this case proposed by the Parties to see whether the proposed settlement as it relates to the disposition of the settlement proceeds is fair, reasonable, and in the best interests of B.A.; and

      b.      to report to the Court, in writing and orally at a hearing to be set at a later date, on (i) the outcome of her investigation and review, (ii) the fairness and reasonableness of the proposed settlement as it relates to the disposition of the settlement proceeds, and (iii) whether the proposed settlement is in the best interests of B.A.

**IT IS FURTHER ORDERED** that the guardian ad litem shall consider, in her investigation of the proposed settlement and report to the Court, the manner in which the settlement proceeds will be held and/or applied for the benefit of B.A.

**IT IS FURTHER ORDERED** that the appointment of a guardian ad litem does not contemplate the guardian's representation of B.A. as an advocate but, instead, her appointment is as an "arm of the Court."  In other words, the guardian ad litem's responsibilities under this appointment are to the Court and not to the minor child.

**IT IS FURTHER ORDERED** that Feliz Angelica Real as guardian ad litem shall have all the immunities and privileges available to a guardian ad litem as articulated by the New Mexico Supreme Court in *Collins v. Tabet*, 806 P.2d 40 (N.M. 1991).

**IT IS FURTHER ORDERED** that the guardian ad litem shall have access to all records regarding B.A. the guardian deems necessary, including without limitation all counseling and medical records.

**IT IS FURTHER ORDERED** that the guardian ad litem shall be entitled to participate in, and receive notice of, all proceedings in this action, and to receive copies of all documents filed in this action and all correspondence between the parties to this action.

**IT IS FURTHER ORDERED** that upon the entry of an order approving the proposed settlement, the guardian ad litem's appointment will automatically cease and she shall have no further obligation to the Court or parties.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE